**TANK LINES, INC., Plaintiff,**

v.

**UNITED STATES of America**

and

**Interstate Commerce Commission, Defendants.**

**Civ. A. No. 3992.**

United States District Court
E. D. Virginia,
at Richmond.

Argued Oct. 23, 1964.

Decided Nov. 2, 1964.

Alexander W. Neal, Jr., Richmond, Va., and Harry C. Ames, Jr., and E. Stephen Heisley, Washington, D. C., for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and C. Vernon Spratley, Jr., U. S. Atty., and Tommy P. Baer, Asst. U. S. Atty., Richmond, Va., for defendant United States.

Robert W. Ginnane, Gen. Counsel, and Francis A. Silver, Associate Gen. Counsel, Washington, D. C., for defendant Interstate Commerce Commission.

John C. Goddin, Richmond, Va., Frederick A. Babson, Jr., Fairfax, Va., William P. Sullivan and Eugene M. Malkin, Washington, D. C., for O'Boyle Tank Lines, Inc., intervening defendant.

Frank B. Hand, Jr., Herndon, Va., and Michael L. Soffin, Richmond, Va., for Rider Tank Line, Inc., intervening defendant.

Before BRYAN, Circuit Judge, and LEWIS and BUTZNER, District Judges.

PER CURIAM.

The Interstate Commerce Commission has refused approval and authorization under § 5(2) (a) of the Interstate Commerce Act, 49 U.S.C.A. § 5(2) (a), of the proposed purchase by plaintiff Tank Lines, Incorporated, from S & N Freight Line, Incorporated, of its operational right to transport liquid commodities in bulk. It is one of the privileges granted in S & N's certificate as a motor common carrier of general cargo. The Commission held that the assignment would not be consistent with the public interest. The complaint asks us to vacate this ruling on the ground that it does not rest on adequate and justified findings, and also because the findings are not stated with the explicity required by the Administrative Procedure Act, §§ 8, 5 U.S.C. § 1007. We decline to disturb the order.[1]

Tank Lines, as a motor common carrier over irregular routes is certificated to move, *one-way,* bulk liquid freight in tank trucks from Norfolk into States adjoining and to the north of Virginia. S & N possesses the authority to truck similar shipments *both ways* between Norfolk and locations in these same States as well as in others. However, it has never directly exercised the right. In fact it does not own the necessary vehicles. Further account of the carriers' respective franchises and their use is not needed here. A condensed narrative of them, however, is contained in the reports of the Examiner and the Finance Review Board.[2]

Since 1957 Tank Lines has leased, or by other agreement has furnished, its tank trucks to S & N to bring bulk liquids in the name of S & N *from* Tank Lines' own *one-way* destinations *back* to Tank Lines' points of origin—obviously to save the empty return of Tank Lines' trucks. The Commission concluded that, while the lease may have been valid, the conduct of Tank Lines under the agreement between the parties constituted in reality an operation of S & N's authority to convey liquid cargo in bulk. In short, the Commission saw Tank Lines

---

1. No. MC–F–7884 Tank Lines, Inc.—Purchase (Portion)—S & N Freight Line, Inc., January 22, 1963.

2. 90 M.C.C. 381.

**356**

as a lessor in name only—that in truth Tank Lines was an operator in the back-hauls with its trucks. This operation, to repeat, is covered by the license which Tank Lines now seeks to buy from S & N.

■ The Commission decided that this practice by Tank Lines since 1957 without its consent was a violation of §§ 5(4) and 206(a) (1) of the Act, 49 U.S.C. §§ 5(4) and 306(a), forbidding such an unauthorized undertaking. It found that the territory would be adequately served in the future by S & N, and its other lessors, without consummation of the purchase planned by Tank Lines. It was on these premises that the Commission declared it would not be consistent with the public interest to approve the acquisition.

■ This is a factual judgment permitted by the Act, § 5(2) (c); Gilbertville Trucking Co. v. United States, 371 U.S. 115, 126, 83 S.Ct. 217, 9 L.Ed.2d 177 (1962). The subsidiary facts were recounted with requisite preciseness and completeness. Indeed, they were not in substantial controversy. Only the ultimate inference from them is debated. We approve it as securely founded. With this ascertainment our power of review ends. Gilbertville Trucking Co. v. United States, supra, 371 U.S. 115, 126, 83 S.Ct. 217 (1962).

■■ No merit is seen in the plaintiff's doubt of the Commission's power to exercise § 5 jurisdiction through the Finance Review Board. The Commission approved the latter's findings and conclusions by adopting them. Clearly, this procedure is permissible under § 17(5) of the Act as amended September 14, 1961. 49 U.S.C. § 17(5). Likewise, we find no error in the Commission's denial of reconsideration for failure of the plaintiff to move seasonably therefor. Commission Rule 1.101(e).

The complaint will be dismissed, with costs to the United States and the Interstate Commerce Commission.