**EAGLE MOTOR LINES, INC., a Corporation, Plaintiff,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

Civ. A. No. 64-529.

United States District Court
N. D. Alabama, S. D.

Nov. 25, 1964.

William H. Orrick, Jr., Asst. Atty. Gen., and John D. Wigger, Atty., Dept., of Justice, Washington, D. C., and Macon L. Weaver, U. S. Atty., Birmingham, Ala., for the United States.

Robert W. Ginnane, Gen. Counsel and Clarence William Vandegrift, Atty., Interstate Commerce Commission, Washington, D. C., for the Interstate Commerce Commission; and, Maurice F. Bishop, of Bishop & Carlton, Birmingham, Ala., for plaintiff.

Before GEWIN, Circuit Judge, and LYNNE and ALLGOOD, District Judges.

PER CURIAM.

Invoking the jurisdiction of this court under 28 U.S.C.A. §§ 1336, 1398, 2284 and 2321–2325, inclusive, 49 U.S.C.A. §§ 17(9), 305(g) and 305(h), and 5 U.S.C.A. § 1009, plaintiff brought this action to enjoin, annul and set aside a report and order of the Interstate Commerce Commission, Division 1 (hereinafter "Commission"), entered March 30, 1964,[1] and an order after reconsideration by the Commission, entered July 28, 1964,[2] in its docket No. MC–C–3093, Eagle Motor Lines, Inc., Investigation and Revocation of Certificate.

By stipulation of the parties this cause was submitted for judgment of this court upon plaintiff's prayer for final relief to which it might be entitled after consider-

ation of the pleadings, the record before the Commission, and the briefs and oral arguments of able counsel. Since it is conceded that orders involved herein are administratively final, the proceedings before the Commission may be severely capsulated.

The Commission, by order of September 12, 1960, instituted an investigation of plaintiff's operations under sections 204(c) and 212(a) of the Interstate Commerce Act.[3] The matter was heard by a Commission examiner on February 7 and 10, 1962. Thereafter, plaintiff and the Bureau of Inquiry and Compliance of the Commission filed briefs with the examiner prior to the service of his recommended report and order on March 28, 1963. The Bureau filed exceptions to such recommended report and order, to which plaintiff filed replies.

The Commission, Division 1, entered its report and order on March 30, 1964.[4] Thereupon, plaintiff filed a petition for reconsideration thereof, which was denied by the Commission, Division 1 acting as an appellate division,[5] in an order entered July 28, 1964. This action followed.

At issue in the investigation proceedings was the scope of certificates held by plaintiff authorizing it to transport, as a common carrier, iron and steel articles from and to points in several states.[6] Significantly, as recognized by the Commission, "[T]he geographical scope of the alleged unauthorized operations is not in issue."[7]

In his recommended report, the examiner found that twelve commodities[8]

1. 94 M.C.C. 704.

2. Appendix D to the complaint.

3. 49 U.S.C.A. §§ 304(c) and 312(a).

4. See note 1, supra.

5. Cf. Malone Freight Lines, Inv. v. United States, 204 F.Supp. 745 (N.D.Ala.1962).

6. The certificates authorizing such transportation are Nos. MC–73165 and MC–73165 (Sub.–No. 102), both of which were issued prior to the formulation of the list of iron and steel articles in Descriptions in Motor Carrier Certificates, 61 M.C.C. 209. Part of such authority is comprised of "grandfather" authority granted to [plaintiff's] predecessor. 94 M.C.C. at page 705.

7. 94 M.C.C. 705.

8. (1) Lavatories; (2) Sinks; (3) Bathtubs; (4) Grease traps; (5) Fittings; (6) Plumber's goods; (7) Iron body valves; (8) Steel door frames; (9) Freeze roll cylinders; (10) Tractor-trailer couplers (fifth wheels); (11) Cotton gin machinery, and (12) Band saws and parts thereof.

were, and eleven [9] were not, being lawfully transported by plaintiff under the description *"iron and steel articles"* contained in its certificates. Agreeing with the examiner's findings with respect to unauthorized commodities,[10] the Commission disagreed with him as to seven commodities embraced in the authorized group.[11] Specifically, the Commission concluded that under the foregoing description, plaintiff does not have authority to transport (1) lavatories; (2) sinks; (3) bathtubs; (4) iron body valves; (5) cotton gin machinery; (6) band saws and blades, and (7) fire hydrants.[12]

■ While able counsel for plaintiff, either in brief or at oral argument, did not contend otherwise, it is appropriate to observe that the Commission is not bound by the findings of its hearing officer, but is free to reach conclusions *upon the evidence* contrary to those of its examiners. Sinett v. United States, 136 F.Supp. 37 (D.N.J.1955).[13]

■ Our understanding of the role of this court in reviewing an order of the Commission interpreting the scope of its certificates was clearly stated in Malone Freight Lines, Inc. v. United States,[14] 107 F.Supp. 946, 949 (N.D.Ala.1952), as follows:

"* * * Our function does not involve a de novo construction of the certificate or a re-evaluation of the undisputed facts relating to the services being performed under the pretended warrant of its authority. We are not concerned with the weight of the evidence. The scope of our review is necessarily confined to the interpretation placed by the Commission upon a certificate of its own creation. We are bound by that interpretation unless we are persuaded that it was capricious or arbitrary, that it constituted an abuse of discretion, or that it did violence to some established principle of law. It is beyond our province to consider 'the soundness of the reasoning by which its conclusions were reached' ".

■ After canvassing the entire record, we are not persuaded that the interpretation placed by the Commission upon the descriptive terms, "iron and steel articles" was capricious or arbitrary, that it constituted an abuse of discretion, or that it did violence to some established principle of law. We are accordingly bound by that interpretation.[15]

The order of the Commission is affirmed; the complaint will be dismissed with prejudice.

---

9. (1) Fire hydrants; (2) Rubber hose; (3) Bronze valves; (4) Pottery electric insulators; (5) Lamp fixtures; (6) Vending machines; (7) Automobile parts, accessories, and supplies; (8) Freight truck bodies and trailers; (9) Internal combustion engines; (10) Aluminum pipe or tubing, and (11) Motors or other machinery, gas driven or otherwise.

10. See note 9, supra.

11. See note 8, supra.

12. It was conceded by counsel for defendants at oral argument that, while plaintiff may not transport aluminum tubing or pipe under its "iron and steel articles" authority, it may do so under its "special equipment" authority. Other concessions by counsel for defendants at the same time substantially clarified the order of the Commission.

13. Accord: Federal Communications Commission v. Allentown Broadcasting Co., 349 U.S. 358, 75 S.Ct. 855, 99 L.Ed. 1147 (1955); Aero Mayflower T. Co. v. United States, 95 F.Supp. 258 (D.Neb.1951).

14. Cited with approval in Floyd & Beasley Transfer Co. v. United States, 185 F. Supp. 390 (N.D.Ala.1960) and Bowman Transportation, Inc. v. United States, 211 F.Supp. 354 (N.D.Ala.1962).

15. See: Sims Motor Transport Lines, Inc. v. United States, 183 F.Supp. 113 (N.D. Ill.1959), aff'd per curiam 362 U.S. 637, 80 S.Ct. 1076, 4 L.Ed.2d 1019 (1960).