**FLOYD & BEASLEY TRANSFER CO.,
Inc., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 66-112.**

United States District Court
N. D. Alabama, E. D.

June 24, 1966.

John W. Cooper, Birmingham, Ala., and A. Alvis Layne and Walter T. Evans, Washington, D. C., for plaintiff.

Lyndol Bolton, Sylacauga, Ala., for intervening plaintiffs.

Donald F. Turner, Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., and Macon L. Weaver, U. S. Atty., Birmingham, Ala., for the United States.

Robert W. Guinnane, General Counsel, and John E. Faulk, Attorney, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Wrape & Hernly, Washington, D. C., and Robert E. Joyner, Memphis, Tenn., and Ormond Somerville, Lange, Simpson, Robinson & Somerville, Birmington, Ala., Guy H. Postell and Frank D. Hall, Atlanta, Ga., Bishop & Carlton, Birmingham, Ala., and Reynolds & Reynolds, Atlanta, Ga., for intervening defendants.

Before GEWIN, Circuit Judge, and LYNNE and GROOMS, District Judges.

**PER CURIAM.**

Proceeding under 49 U.S.C.A. sections 17 and 305(g) and (h), 28 U.S.C.A. sections 1336, 1398, 2284, 2321-2325, and 5 U.S.C.A. section 1009, plaintiff [1] brought this action against the Interstate Commerce Commission (hereafter Commis-

---

1. Parker Fertilizer Company, Sylacauga Auto Parts Company, Campbell Auto Parts Company, Marble City Broadcasting Company, Inc., Joe Dark, d/b/a Modern Cleaners and Dark's Dairy, Avondale Mills, Inc., Sylacauga Motor Car Company, Alabama Marble Company, Division of Georgia Marble Company, Coosa Motor Company, Talladega Hardware Company, Danville Yarn Mills, Cooley Motor Company, Talladega Machinery and Supply Company, Talladega Foundry and Machine Company, Sarvis Hardware Company, L. M. Payne, Jr., d/b/a Payne L. P. Gas Company and Payne Gulf Oil Products, Southern Alloy Corporation, Dixie Color Printing Company, Hill Radio & TV Company, Plantation Patterns, Inc., The Okonite Company, Division of Kennecotte Copper Corporation, Michael Supply Company, Connor's, Automotive Supply Company, C. E. Nivens Truck & Tractor Company and Solar Cast, Inc. are intervenor-plaintiffs.

sion) and the United States [2] to enjoin, annul and set aside the Commission's report and order, entered July 14, 1965, in Docket No. MC–18088 (Sub–29), Floyd & Beasley Transfer Co., Extension-Childersburg.[3] By its report and order, the Commission, Division 1, acting as an appellate division, denied plaintiff's application for a certificate of public convenience and necessity authorizing operations as a common carrier by motor vehicle of general commodities, with the usual exceptions, over irregular routes between four points in Alabama, on the one hand, and, on the other, Chattanooga, Tennessee, Anniston, Alabama, Atlanta, Georgia, and points in South Carolina On reconsideration, the denial was affirmed by the Commission, Division 1, acting as an appellate division, on November 12, 1965.

Only those proceedings before the Commission of significance to the ensuing discussion need be reviewed. In his report and recommended order, served September 28, 1964, the examiner made detailed findings of fact and recommended that plaintiff's application be granted with a restriction against joinder of certain operating rights.[4] The Commission adopted the examiner's statements of fact as its own, except as modified in its discussion and evaluation of the evidence of record.[5] In disagreement with the result reached by the examiner, the Commission dealt with evidence relating to the adequacy of existing services to meet the transportation needs of affected shippers as distinguished from their preferences [6] and ultimately concluded: "On reconsideration, we find that applicant has failed to establish that the present or future public convenience and necessity require the proposed operation, and that the application should be denied."[7]

2. Alabama Highway Express, Inc., Baggett Transportation Company, Akers Motor Lines, Inc., Johnson Freight Lines Company, Inc., McLean Trucking Company, Overnite Transportation Company, R. C. Motor Lines, Inc., Roadway Express, Inc., Terminal Transport Company, Inc., Malone Freight Lines, Inc., Bowman Transportation, Inc., Dixie Ohio Express, Inc., Anniston-Talladega Motor Express, Inc., and Georgia Highway Express, Inc. are intervenor-defendants.

3. 99 M.C.C. 258.

4. His ultimate findings and conclusions are stated as follows:

The examiner finds that the present and future public convenience and necessity require operation by applicant in interstate or foreign commerce as a common carrier by motor vehicle, over irregular routes, of general commodities, except those of unusual value, Classes A and B explosives, household goods as defined by the Commission, commodities in bulk, and commodities requiring special equipment (1) from Sylacauga and Sycamore, Ala., to Chattanooga, Tenn., Atlanta, Ga., and points in South Carolina, (2) between Sylacauga and Sycamore, Ala., on the one hand, and, on the other Anniston, Ala., and (3) between Childersburg and Talladega, Ala., on the one hand, and, on the other Chattanooga, Tenn., Anniston, Ala., Atlanta, Ga., and points in South Carolina, all restricted against joinder or tacking by applicant with any existing authority for the purpose of providing through service (a) between Chattanooga, Tenn., and Atlanta, Ga., (b) between Birmingham, Ala., and Atlanta, Ga., or (c) between Birmingham, Ala., and Chattanooga, Tenn.

The examiner further finds that applicant is fit, willing and able properly to perform such service and to conform to the requirements of the Interstate Commerce Act and the Commission's rules and regulations thereunder; and that an appropriate certificate should be issued.

5. 99 M.C.C. 260.

6. Compare Dixie Highway Express, Inc. v. United States, 242 F.Supp. 1016 (S.D. Miss.1965).

7. 99 M.C.C. 266. Immediately preceding such conclusion was its summary of such evidence as follows:

"In summary, we believe the record as a whole shows no material inadequacy in the existing single-line and joint-line motor services available both from opposing carriers who have been used and have provided reasonably adequate service as well as from those carriers who [sic] services have not yet been tried. In our opinion applicant has failed to establish that its proposed service would be responsive to a public need and, accordingly, we conclude that the application should be denied."

This court has repeatedly stated our appreciation of the limited scope of judicial review to which the parties are entitled.[8] We have also recognized the broad scope of the Commission's discretion in granting or denying certificates of public convenience and necessity as provided by section 207(a) of the Interstate Commerce Act.[9] In Floyd & Beasley Transfer Company v. United States, 185 F.Supp. 390, 395 (N.D. Ala. 1960) we stated:

> "By a long line of cases it is authoritatively settled that the Congress has delegated to the Commission broad and exclusive discretion to determine public convenience and necessity and that it is not the function of this court on review to resolve relevant factual issues entrusted to the expertise of such administrative body." (Citations omitted.)

Heretofore we have expressed our understanding that "the Commission is not bound by the findings of its hearing officer, but is free to reach conclusions upon the evidence contrary to those of its examiners."[10]

After a painstaking review of the whole, voluminous record in obedience to the command of the Administrative Procedure Act,[11] we conclude that there was a rational basis for the order under attack. The conclusions of the Commission resulting in its denial of plaintiff's application were based upon adequate findings supported by substantial evidence.

Since, by stipulation of counsel, this cause was submitted upon plaintiff's prayer for final relief, an order of dismissal will be entered herein.

8. Malone Freight Lines, Inc. v. United States, 204 F.Supp. 745, 754 (N.D.Ala. 1962) and cases therein cited.

9. Section 207(a) of the Interstate Commerce Act [49 U.S.C.A. § 307(a)] provides in part as follows:
   "Subject to section 210, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied: * * *."

10. Eagle Motor Lines, Inc. v. United States, 236 F.Supp. 502, 504 (N.D.Ala.1964).

11. 5 U.S.C.A. § 1009(e), as construed in Universal Camera Corp. v. Labor Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).