**EAGLE MOTOR LINES, INC., a corporation, and Victory Freight Lines, Inc., a corporation, Plaintiffs,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

and

**Alabama Highway Express, Inc., et al., Intervening Defendants.**

Civ. A. No. 66-642.

United States District Court
N. D. Alabama, S. D.
April 11, 1967.

W. Ginnane, General Counsel, Henri F. Rush, Jr., John E. Faulk, Attys., Interstate Commerce Commission, Washington, D. C., Ormond Somerville, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendants.

James W. Wrape and Robert E. Joyner, Wrape & Hernly, Memphis, Tenn., for intervening defendants.

Guy H. Postell and Frank D. Hall, Atlanta, Ga., for Superior Trucking Co., Inc.

Before GODBOLD, Circuit Judge, and LYNNE and GROOMS, District Judges.

PER CURIAM.

Proceeding under 49 U.S.C.A. §§ 17 and 305(g) and (h), 28 U.S.C.A. §§ 1336, 1398, 2284, 2321–2325, and 5 U.S.C.A. § 1009, plaintiffs, Eagle Motor Lines, Inc. (Eagle), a motor common carrier operating in interstate and foreign commerce pursuant to certificate issued by the Interstate Commerce Commission (Commission), and Victory Freight Lines, Inc. (Victory), a common carrier by motor vehicle engaged in intrastate commerce wholly within the State of Alabama pursuant to authority issued it by the Commission which is co-extensive with the authority granted to it by the Alabama Public Service Commission, brought this action against the Commission and the United States to set aside a report and order of the Commission entered June 3, 1966, in Docket Nos. MC–F–8976, Eagle Motor Lines, Inc.—Purchase (Portion)—Victory Freight Lines, Inc. and MC–73165 (Sub-No. 190), Eagle Motor Lines, Inc., Extension, both dockets having been heard on a consolidated record, 101 M.C. C. 368. Alabama Highway Express, Inc., Baggett Transportation Company, Gordons Transports, Inc. and Superior Trucking Company, Inc., intervened as parties defendant.

By joint application filed December 15, 1964, plaintiffs sought Commission approval of the purchase of a portion of Victory's operating authority by Eagle pursuant to the provisions of section 5 of the Interstate Commerce Act, 49 U.S.

Maurice F. Bishop, John P. Carlton, Bishop & Carlton, Birmingham, Ala., for plaintiff.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Birmingham, Ala., Robert

C.A. § 5. Shortly thereafter, Eagle filed an application with the Commission for authority to operate over routes corresponding to those involved in the section 5 application. The purchase application was assigned to a Hearing Examiner and the application for a certificate to a Joint Board. Both applications were heard on a consolidated record with both the examiner and the Joint Board member presiding.

The Hearing Examiner recommended that the purchase application be denied, while the Joint Board member recommended that Eagle's application for a certificate of public convenience and necessity be granted provided favorable action was taken on the purchase application. Agreeing with the Hearing Examiner and disagreeing with the Joint Board member, by the order complained of the Commission denied both applications.

With respect to the purchase application the Commission ultimately found that the transaction disclosed therein "has not been shown to be consistent with the public interest and that, accordingly, the application should be denied." 101 M.C.C. 376.

■ The Commission brushed aside the contention advanced in behalf of plaintiffs before it, reiterated here, that the Commission should be governed in its determination of the section 5 application by the prior finding of the Alabama Public Service Commission in approving the transfer to Eagle of Victory's intrastate authority. In view of the exclusive and plenary power vested in the Commission by section 5 we agree that the argument on this point is without merit. State of North Carolina v. United States, 210 F. Supp. 675 (M.D.N.C.1962), reversed on other grounds, 376 U.S. 93, 84 S.Ct. 564, 11 L.Ed.2d 541 (1963).

■ Legal principles involved in a judicial review of an order issued by the Commission in section 5 proceedings were set forth by this court in Alabama Highway Express, Inc. v. United States, 241 F.Supp. 290 (1965), and restatement herein is not warranted. A careful review of the record evidence persuades us that the Commission did not act capriciously or arbitrarily in declining to accord probative value to evidence of traffic handled by Eagle and Victory through interchange between points involved after negotiations for purchase had begun on equipment of Eagle leased to Victory. Tank Lines, Inc. v. United States, 236 F.Supp. 354 (E.D.Va.1964).

■ The Commission rested its denial of Eagle's application for a certificate of public convenience and necessity upon its ultimate finding "that the public convenience and necessity does not require the operations for which authority is sought herein. * * *" 101 M.C.C. 376. Such ultimate finding is supported, indeed required, by the conclusion of the Commission, after discussion of subsidiary findings, that "we are of the opinion that the testimony of the supporting shippers is indicative only of a preference for the proposed service and demonstrates that vendee's proposed operations would not substantially meet any demand for service not presently being satisfactorily provided by existing carriers." 101 M.C. C. 375.

In recognition of the broad scope of the Commission's discretion in granting or denying certificates of public convenience and necessity as provided by section 207(a) of the Interstate Commerce Act, 49 U.S.C.A. § 307(a), this court has had recent occasion to articulate principles applicable to a review by the courts of Commission orders entered in such proceedings. Floyd & Beasley Transfer Co. v. United States, 256 F.Supp. 23 (5 Cir., 1966), aff'd, 385 U.S. 647, 87 S.Ct. 766, 17 L.Ed.2d 668, January 23, 1967.

Obediently, we have carefully reviewed the entire record and conclude that the Commission did not exceed its statutory authority, that it made adequate findings and that such findings are supported by substantial evidence.

Since, by stipulation of counsel, this cause was submitted upon plaintiffs' prayer for final relief, an order of dismissal will be entered herein.