**FLOYD & BEASLEY TRANSFER COMPANY, Inc., a corporation, Plaintiff,**

v.

**UNITED STATES of America and The Interstate Commerce Commission,** Defendants,

v.

**BOWMAN TRANSPORTATION, INC., et al., Intervening Defendants.**

No. 71–444.

United States District Court, N. D. Alabama, S. D.

Oct. 21, 1971.

Wm. J. Kenney—Maguire, Lucey, Kenney & Hurley, Washington, D. C., D. Harry Markstein, Jr.,—Markstein & Morris, Birmingham, Ala., for plaintiff.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Charles H. White, Jr., Washington, D. C., Atty. for I. C. C., Bishop & Carlton, Birmingham, Ala., Hansell, Post, Brandon & Dorsey, Atlanta, Ga., A. W. Jones, Birmingham, Ala., Drew L. Carraway, Washington, D. C., for defendants.

Before GEWIN, Circuit Judge, and LYNNE and McFADDEN, District Judges.

PER CURIAM.

This is an action seeking to enjoin, annul, suspend, and set aside the final order of the defendant Interstate Commerce Commission in its Docket No. MC–18088 (Sub. 47), captioned Floyd & Beasley Transfer Company, Inc., Extension—Decatur, Ala., and Escambia and Santa Rosa Counties, Fla. (Sycamore, Alabama), denying Floyd & Beasley's application to render a regular route motor carrier service to and from the Decatur, Alabama, and Escambia and Santa Rosa Counties, Florida, points. Plaintiff has invoked the jurisdiction and venue of this Court under the provisions of 49 U.S.C.A. §§ 305(g), 306(a), and 307(a), 5 U.S.C.A. § 1009, and 28 U.S.C.A. §§ 1336, 1398, 2284 and 2321 to 2325.

On April 30, 1968, Floyd & Beasley filed an application with the Commission under § 207(a) of the Interstate Commerce Act, 49 U.S.C.A. § 307(a), for authority to operate as a common carrier by motor vehicle transporting, over irregular routes, general commodities "between Decatur, Alabama, on the one hand and, on the other, points in Georgia, North Carolina, South Carolina and Virginia, limited to traffic originating at or destined to the plant site or warehouse of Monsanto Company, Decatur, Alabama, and between points in Escambia and Santa Rosa Counties, Florida, on the one hand and, on the other, points in Alabama, Georgia, North Carolina, South Carolina, Tennessee and Virginia." Protests were filed by various competing carriers, including intervening defendants Bowman Transportation,

Inc., Georgia-Florida-Alabama Transportation Company, Howard Hall Company, Inc., Malone Freight Lines, Inc., Mercury Freight Lines, Inc., and Thurston Motor Lines, Inc. The application was initially designated for processing under the Commission's modified proceedings. Thereafter, it was referred to a Commission Examiner, who conducted hearings during February 24 through 26 and April 1 through 4, 1969. At the hearing on February 24, 1969, Floyd & Beasley proposed that the authority it sought be limited by adding a plant site restriction with respect to the traffic originating in Decatur, Alabama. The Examiner accepted the proposed restriction but at the close of the hearing found that Floyd & Beasley had failed to prove that its proposed operations were required by the public convenience and necessity, and by a report and order served December 1, 1969, he denied plaintiff's application.

In separate proceedings, other trial examiners heard the applications of Watkins-Carolina Express, Inc., filed April 4, 1968, and Baggett Transportation Company, Inc., filed May 13, 1968, seeking authority to haul textiles, chemicals and related products over irregular routes between Decatur-Huntsville, Alabama, on the one hand, and points in Georgia, North Carolina, South Carolina and Virginia, on the other. The Baggett application also sought authority to haul these same products between Gonzales and Pensacola, Florida, and points in Georgia, North Carolina, South Carolina and Virginia. These two applications were referred to separate examiners, neither of whom was the examiner assigned to Floyd & Beasley's application. In each of the three proceedings, the principal supporting shipper was the same, Monsanto Chemical Company. Monsanto's prepared testimony in each proceeding was essentially the same with respect to its need for additional transportation services. The examiner in the Watkins-Carolina proceeding served his report and order on January 15, 1969, recommending that a certificate of pub-

lic convenience and public necessity be issued to Watkins-Carolina. A grant of authority was also recommended by the examiner's report and order served July 29, 1969, in the Baggett proceeding. The latter examiner made the further recommendation that all three applications be consolidated for consideration by the Commission. The examiner's recommendation of denial of the Floyd & Beasley application was served December 1, 1969. In the meantime, Floyd & Beasley had filed exceptions to the examiners' reports in the other two proceedings.

The record in the Watkins-Carolina Express, Inc., proceeding reached the Commission first. On June 10, 1969, the Commission denied rehearing in the proceeding, and the recommended grant of certification to Watkins-Carolina Express, Inc., became final. The Commission, Division 1, next considered the examiner's report on the Baggett application, which, on December 16, 1969, it approved with respect to the service requested between the plant and warehouse facilities of the supporting shipper at Decatur-Huntsville, Alabama, and Gonzales and Pensacola, Florida. Baggett's grant of authority became final on March 19, 1970, when a protestant's petition for reconsideration was denied.

Floyd & Beasley filed exceptions to the examiner's denial of its application, and included in its exceptions an offer of a further amendment limiting its proposed Florida service by imposing a plant site restriction on the traffic originating in Santa Rosa and Escambia Counties. This proposed restriction was accepted by the Commission, Division 1, which nevertheless entered an order on September 16, 1970, affirming the examiner's conclusions that the public convenience and necessity was not shown to require operation of the proposed service. Plaintiff, joined by the intervening supporting shipper, Monsanto Company, thereafter filed a petition for rehearing and/or reconsideration, which embraced a further proposal to restrict the scope of the application, this time with respect to commodities. In lieu of general commodities, the applicant now proposed to limit its authority substantially to carry textiles and textile related products in paper and paper-making related products.

Division 1, acting as an appellate division, held in an order dated March 8, 1971, that the report printed at 112 M. C.C. 124 was in accord with the evidence and the applicable law and that the acceptance of this last proposed restriction would not affect the result nor change the Commission's findings. The applicant thereupon brought a Petition for a Finding of General Transportation Importance, which the Commission, at a General Session held on April 19, 1971, denied. Plaintiff then instituted this court action and obtained a temporary restraining order preventing the lapse of the temporary authority to operate between the Florida plant of Monsanto Chemical Company and points in Georgia and South Carolina. A three-judge panel was convened pursuant to the provisions of 28 U.S.C.A. §§ 2325 and 2284(1), and a full hearing was given plaintiff's petition on July 26, 1971.

Plaintiff argued before the Court three principal issues:

(1) Whether the Commission acted within its discretion in deciding plaintiff's application upon the basis of evidence adduced in the record in this proceeding without consolidating it with the applications filed by Watkins-Carolina Express, Inc., and Baggett Transportation Company, Inc., or without applying the same procedural and substantive standards in passing on plaintiff's application as were applied in the other two proceedings;

(2) Whether the Commission's conclusion that the plaintiff's proposed operations are not required by the public convenience and necessity is based upon adequate findings and supported by substantial evidence of record;

(3) Whether certain evidentiary rulings of the hearing examiner were within the discretion of the examiner or

whether they denied plaintiff due process of law.

Before dealing with the merits of plaintiff's contentions, it is appropriate for the Court to notice as it has repeatedly in the past, the generous discretion with which the Commission is invested in assessing questions of public convenience and necessity and the narrow scope of judicial review. *E. g.*, Floyd & Beasley Transfer Company v. United States, 256 F.Supp. 23 (N.D.Ala.), aff'd 385 U.S. 647, 87 S.Ct. 766, 17 L.Ed.2d 668 (1966); Malone Freight Lines v. United States, 107 F.Supp. 946, 949 (N.D.Ala. 1952), aff'd 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712 (1953).

■ I. The Court is of the opinion that the Commission's separate handling of the three applications in question was proper. Contrary to its assertions, plaintiff's application was markedly different from those of Watkins-Carolina and Baggett, presenting different issues and involving different commodities and different geographical areas. At the time the applications were scheduled for hearing, plaintiff's application involved a request for broad "general commodities" authority between Decatur, Alabama, and points in Georgia, North Carolina, South Carolina and Virginia and between points in Escambia and Santa Rosa Counties, Florida and points in Alabama, Georgia, North Carolina, South Carolina and Tennessee, which application was opposed by some 40 competing carriers. The Watkins-Carolina and Baggett applications sought only limited authority to transport "textiles, textile products, chemicals and chemical products" between various points, some of which were the same as those set out in the Floyd & Beasley application and some of which were different. The Watkins-Carolina application was opposed by only 7 competing carriers and the Baggett application by only 12. It was not until after the Division had issued its December 16, 1970, report denying plaintiff's "general commodities" application, and after the final decisions granting the Watkins-Carolina and Baggett applications had been rendered, that plaintiff indicated the desire to limit the scope of its application to the specific commodities of "textiles, textile products, and paper and paper-making products." In these circumstances, plaintiff's "general commodities" application and the other two limited applications clearly were not mutually exclusive, and no consolidation or comparative consideration of the applications was required. See, United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Ashbacker Radio Co. v. Federal Communications Commission, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945); Great Western Packers Express v. United States, 263 F.Supp. 347 (D.Colo.1966).

■ II. The plaintiff Floyd & Beasley was obliged to establish by a preponderance of the evidence that its proposed service was in fact required by the public convenience and necessity. *E. g.*, Quickie Transport Co. v. United States, 169 F.Supp. 826 (D.Minn.), aff'd per curiam, 361 U.S. 36, 80 S.Ct. 140, 4 L.Ed.2d 111 (1959). Basic to this proof was a demonstration of the extent to which the needs of the shipping public could not be met by existing truckers. W. T. Mayfield & Sons Trucking Co. v. United States, 211 F.Supp. 619 (N.D. Ga.1962). The supporting shipper, Monsanto Chemical Company, testified in all three proceedings about its desire to increase the single-line transportation services available to its plants in Alabama and Florida. But, as the Commission frequently has held, shippers are not entitled to single-line transportation services as a matter of right. *E. g.*, Pinetree Transport, Inc., 54 M.C.C. 664 (1952). And, indeed, if all demands for straight-line authority were granted by the Commission, chaos inevitably would result. Moreover, this is not a case where the supporting shipper did not have access to single-line carriers. The evidence shows that at least 5 protestants had single-line authority to serve the Monsanto plants and destination points and that, in addition, Monsanto

had a number of transportation alternatives to the considered destinations via various interline combinations with other protestants to the application. Monsanto did contend that its prime carriers were not maintaining a reasonably adequate general performance level, but the Commission held that the protestants' testimony effectively rebutted these allegations. 112 M.C.C. at 135. The Court believes that there is substantial evidence in the record to support the Commission's findings. Neither can the Commission's ruling be invalidated by the Court on grounds that the Watkins-Carolina and Baggett applications were granted on the basis of evidence similar to that received in the Floyd & Beasley proceedings. The Court finds that, even were the testimony of the supporting shipper considered substantially the same in all three proceedings, other evidence offered by the parties and protestants affords ample justification for the Commission's reaching different results. In this regard, the Commission cannot be held to a strict standard of consistency with respect to its findings in separate and independent hearings. Bowman Transportation, Inc. v. United States, 308 F.Supp. 1342 (N.D.Ala.1970).

III. Plaintiff contends that the Commission erred as a matter of law in failing to find that the examiner had erred in excluding certain testimony, letters and exhibits offered by plaintiff in support of its application. The Court has considered the plaintiff's exceptions to these evidentiary rulings and is of the opinion that if any error was committed by the Commission with respect to said rulings, it was harmless error. Additionally, plaintiff takes exception to the refusal of the examiner and the Commission to take judicial notice of the competitive proceedings on the Watkins-Carolina and Baggett applications. But the plaintiff at no time formally moved to consolidate the three proceedings and the Court is of the opinion that, even if it were well taken, this latter objection was not timely raised.

We are of the opinion that the Commission acted well within its discretion in its conduct of the proceedings dealing with plaintiff's application and that the Commission's conclusion that the plaintiff's proposed operations are not required by the public convenience and necessity is based upon adequate findings and supported by substantial evidence of record. Therefore, an order shall be entered denying the relief prayed for and dismissing this action.